FILED _____ ENTERED
_____ RECEIVED

MAY 3 1 2011

AT ...
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY .... DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| DARRYL L. BROWN, individually and on behalf of any and all similarly situated consumers ] ] ] <br> Plaintiffs, ] ] ] <br> -against- ] ] ] ] <br> NORTH SHORE AGENCY ] ] <br> Defendant. ] ] | Civil Action No.: <br><br> **CLASS ACTION** <br> **COMPLAINT** <br><br> **L 11 CV 1470** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff DARRYL L. BROWN ("Plaintiff"), by and through Pro Se representation, as and for its Class Action Complaint against the Defendant NORTH SHORE AGENCY, ("Defendant" or "NSA"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation of § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

2.    Plaintiff is a resident of the State of Maryland.

3.    Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4.    Defendant NORTH SHORE AGENCY, is a Ohio corporation engaged in business of collecting debts with its principal place of business located at 4000 East Fifth Avenue, Columbus, OH 43219.

5.     NORTH SHORE AGENCY, is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. § 1692(a)(6).

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 et seq. and 28 U.S.C. §2201.

7.     The Court also has pendent jurisdiction over the state law claim in this action pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9.     Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers whom Defendant's records reflect resided in the State of Maryland, along with their successors in interest, who have received similar debt collection letter and/or communication from the Defendant seeking payment of an alleged consumer debt due to NORTH SHORE AGENCY Corporation which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of NORTH SHORE AGENCY.

10.    This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11.    The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection letters and/or communications from the Defendant violates various provisions of the FDCPA.

12.    The debt collection letters and/or communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

13.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (I) Whether the Defendant violated various provisions of the FDCPA; (II) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (III) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (IV) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14.    Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

15.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by U.S.C. §1692(k).

16.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrong complained of herein.

19.    Plaintiffs will fairly and adequately represent the Class members' the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

20.    Absent a class action the Class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

21.    Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with same force and effect as if the same were set forth at length herein.

23.   On information and belief, on a date better to the Defendant, National Enquirer either directly or through intermediate transactions assigned, place, transferred, or sold a consumer debt to NSA for collection ("the alleged debt").

24.   The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

25.   On information and belief, on a date better known to the Defendant, Defendant began collecting the alleged debt from the Plaintiff by sending a collection letter.

26.   Defendant's collection letters are pre-printed, mass-produced communications.

27.   Defendant's collection letter to Plaintiff is dated August 3, 2010 ("8/3/10 Letter"). A true and correct copy of the 8/3/10 Letter is attached hereto as **Exhibit A.**

28.   Defendant's 8/3/10 Letter is the initial communica-tion with the Plaintiffs.

29.   Defendant's 9/3/10 Letter contains a written notice to the Plaintiffs of their right to dispute in writing the validity of the debt or any portion thereof within 30 days of the initial 8/3/10 Letter communication; that if the debt is disputed, the Defendant will obtain verification of the debt or copy of the judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer; and that upon the Plaintiffs request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required by 15 U.S.C. §1692g.

30.    Defendant's 8/3/10 Letter states, "...**EARLY WARNING NOTICE** Dear Darryl L. Brown: Our client, NATIONAL ENQUIRER, requires that we send you this notice to verify that payment has not been received as of this letter date. Its purpose is: (1) To verify that payment has not been received by this letter date for the subscription ordered from our client. (2) To give you the opportunity to resolve this matter, before it goes any further. Resolve this matter with your response. **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. Notice: See Reverse Side for Important Information.**"

31.    Plaintiffs contend that this notice contradicts the validation notice required by 15 U.S.C. § 1692g and could mis-lead the least sophisticated consumer.

32.    Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by contradicting and overshadowing the validation notice and by using a false representation or deceptive means to collect or attempt to collect a debt.

33.    The Defendant employs the phrase **"EARLY WARNING NOTICE 2. To give you the opportunity to resolve this matter,**

before it goes any further. Resolve this matter with your response." The least sophisticated debtor could reasonably interpret the notice as a demand for immediate payment. This contradicts the validation notice's declaration that the consumer or debtor has thirty days to dispute the debt.

34.    Moreover, Plaintiffs have found a violation of § 1692g when such language is combined with immediate adverse action. Here, Defendant's debt collection notice indicates, **"To give you the opportunity to resolve this matter, before it goes any further. Resolve this matter with your response."** Given the proscriptions of the FDCPA, this statement is both misleading and false. A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to his rights.

35.    Section 1692 of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10). The test is the capacity for the statement to mislead; evidence of actual deception is unnecessary.

36.    Defendant employs a false threat in its effort to secure immediate payment. The least sophisticated consumer could interpret the collection notice command, **"EARLY WARNING NOTICE TO GIVE YOU THE OPPORTUNITY TO RESOLVE THIS MATTER, BEFORE IT GOES ANY FURTHER. RESOLVE THIS MATTER WITH YOUR RESPONSE."**

37.   Combined, the least sophisticated consumer may interpret these statements to mean-pay us immediately or suffer the consequences in the near future. Since these statements are false, they have the capacity to mislead the consumer which violates section 1692e(10).

38.   Furthermore, such an understanding is both false and deceptive given the parameters of the FDCPA. The consumer had the protections of the validation notice, which were overshadowed and undermined by the dunning notice demand for payment.

39.   Moreover, in Defendant's August 10, 2010, Letter it states, "before it goes any further." The Defendant did not make any further attempts to collect on this debt. This statement was false and misleading. A statement which violated section 1692e(10) also violated section 1692g. It advanced a message that is open to an inaccurate yet reasonable interpretation by the Plaintiffs, and therefore deceptive as a matter of law.

40.   Therefore, the dunning notice in the instant case violated section 1692e(10) for two reasons. First, the notice violate the provisions of 1692g. Next, the notices violate section 1692e(10) because they are substantively false and deceptive.

41.   15 U.S.C. § 1692g(a)(3). To be adequate, the "validation notice" must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer. The notice also must not be overshadowed or contradicted by other messages.

42.   Defendant violated 15 U.S.C. § 1692d-preface; §1692e-preface, (2)(5),(7), and (10); and §1692f-preface by being deceptive and misleading in misrepresenting the urgency and immediacy with which Plaintiff has to resolve the alleged debt.

43.   Defendant violated 15 U.S.C. § 1692-preface; §1692e-preface, (2),(5),(7), and (10); and §1692f-preface by being deceptive and misleading in threatening Plaintiff must respond immediately to Defendant if Plaintiff wishes to avoid additional further action by Defendant where Defendant does not intend to take such additional further action and/or legal action.

44.   Plaintiff suffered and continues to suffer from great personal humiliation, embarrassment, mental anguish and emotional distress as a result of Defendant's harassment and actions.

45.   Defendant violated the FDCPA.

46.   Due to the Defendant's gross violations of the FDCPA the Plaintiff and other similarly situated class members have been damaged.

**FIRST CAUSE OF ACTION**
**FAIR DEBT COLLECTION PRACTICES ACT**

47.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.   Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

a.  15 U.S.C. §1692g-preface, (a),(3).

b.  15 U.S.C. §1692d-preface.

b.  15 U.S.C. §1692e-preface, (2),(5),(7),(10).

c.  15 U.S.C. §1692f-preface, (1).

d.  15 U.S.C. §1692g.

49.  As a result of defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

### SECOND CLAIM FOR RELIEF
### MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW §14-201, et seq.

50.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.  Defendant is a "collector" as defined under MD. Code Comm. Law §14-201(b).

52.  The alleged debt is a "consumer transaction" as defined under MD. Code Comm. Law §14-201(c).

53.  Defendant's contacted the Plaintiff with the intent to disclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false under MD. Code Comm. Law §14-202(3).

54.  Defendant's contacted the Plaintiff with the intent to harass or abuse and deceive under MD. Code Comm. Law §14-202(6).

55.  Defendant threaten action and rights when communicating with Plaintiffs, in violation of MD. Code Comm. Law §14-202(8).

56.    Plaintiffs are entitled to damages proximately caused by the Defendants' violations.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff DARRYL L. BROWN and class members demand judgment from the Defendant NORTH SHORE AGENCY as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); MD. Code Comm. Law §14-203; MD.Ann. Code Bus. Reg. §7-401(b).

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(A);

C.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(2)(B);

D.    A declaration that the Defendant's practices violated the FDCPA;

E.    Punitive damages.

F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff DARRYL L BROWN and class members hereby respectfully request a trial by jury for all claims and issues in its Class Action Complaint to which to which it is or may be entitled to a jury trial.


Dated:          May 25, 2011

                              Respectfully submitted,

                              Darryl L. Brown